UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Team Wendy LLC, | CASE NO. 1:13-CV-02006-CAB |
|         Plaintiff, | |
| | JUDGE CHRISTOPHER BOYKO |
| vs. | |
| Zhongshan Mai Bu Mould Co., Ltd. and DOES 1-5 | **NOTICE OF COMPLIANCE WITH FED. R.CIV. P. 4** |
|         Defendants. | |

Plaintiff Team Wendy, LLC, respectfully responds to this Court's Order of December 27, 2013, regarding service of process upon the defendant in the above-captioned matter.

This action was filed on September 10, 2013 against Zhongshan Mai Bu Mould Co., Ltd. ("FMA"). Defendant FMA is located in the People's Republic of China. See Complaint, DE 1, ¶3. Promptly after filing this action, Team Wendy engaged Civil Action Group, Ltd to assist it in serving the Complaint upon FMA under the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents pursuant to Fed.R.Civ. P. 4(f)(1). The documents are now in the hands of the Chinese Central Authority, although it will likely take another two to six months to receive back the proof of service of summons.

Because FMA is a foreign company being served under the Hague Convention pursuant to Fed. R.Civ.P. 4(h)(2) and 4(f), the 120 day limit of Fed. R.Civ. P. 4(m) is inapplicable, as that provision expressly "does not apply to service in a foreign country under Rule 4(f) or 4(j)(1)." Fed.R.Civ. P. 4(m). As explained in *Erie Indemnity, Inc. v. Keurig, Inc.*, 2011 WL 2893013 (N.D. Ohio July 15, 2011):

> Under Rule 4(m), a Defendant must normally be served within "120 days after the complaint is filed," except for "good cause" or where the service is made in a foreign country under Rule 4(f) or 4(j). Fed. R. Civ. P. 4(m). Under Rule 4(f) — which applies here — service on an individual in a foreign country may be made "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the [Hague Convention]." Fed. R. Civ. P. 4(f). The Plaintiffs served the complaint on Defendant Simatelex under the procedures set forth in the Hague Convention. [Doc. 40 at 7.] Unlike Rule 4(m), Rule 4(f) does not specify an exact time period under which service is timely. Instead, recognizing the complexities and delay associated with foreign service, the Rule leaves the applicable time period open-ended. *See Lucas v. Natoli*, 936 F.2d 432, 432-33 (9th Cir.1991); *Beightler v. Produkte Fur Die Medizin AG*, 2008 WL 4160589, at *4 (N.D. Ohio Aug. 28, 2009).

*Id.* at *4 (defendant foreign corporation received actual notice of action for purposes of relation back under Rule 15); *citing Nylok Corp. v. Fastener World, Inc.*, 396 F.3d 805, 807 (7th Cir. 2005) (reversing and remanding district court's dismissal of trademark infringement action for failure to serve Taiwanese and Korean corporate defendants within 120 days); *see also Xcentric Ventures, LLC v. Mediolex Ltd.*, 2012 WL 5269403 *8 (D.Ariz., Oct. 24, 2012) ("Service on foreign corporations is addressed in Rule 4(h), which is not mentioned in Rule 4(m); however, 4(h)(2) expressly incorporates the methods of service prescribed in 4(f)—and 4(f) is one of the listed exceptions to the 120-day rule in 4(m).").

Accordingly, Team Wendy respectfully asks the Court's forbearance as the Complaint is served in compliance with international law.[1] Team Wendy will promptly inform the Court when it receives back the proof of service of summons.

Dated: January 3, 2014

                                            BAKER & HOSTETLER LLP

                                            /s/ Christina J. Moser
                                            Edmund W. Searby (0067455)
                                            Christina J. Moser (0074817)
                                            3200 PNC Center
                                            1900 East Ninth Street
                                            Cleveland, Ohio 44114-3485
                                            Telephone: (216) 621-0200
                                            Fax: (216) 696-0740
                                            Email: esearby@bakerlaw.com
                                                       cmoser@bakerlaw.com

                                            Attorneys for Plaintiff
                                            Team Wendy, LLC

---

[1] Alternatively, should the Court determine that the 120-day limit of Fed. R.Civ. P. 4(m) applies, Team Wendy respectfully requests that the Court treat this Notice as a Motion for Additional Time. Team Wendy requests an additional six months to allow service by the Chinese Central Authority.

-4-

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served this 3d day of January, 2014, by mailing a true and correct copy to Defendant at the below address.

Zhongshan Mai Bu Mould Co., Ltd.
First Floor, 16 Shuguang Road,
Tanzhou Town, Zhongshan City,
528467 Guangdong, People's Republic of China

                                                /s/ Christina J. Moser
                                      Christina J. Moser, an attorney for Plaintiff